IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NICOLE AUSTIN DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV. A. NO.: 26-0117-KD-MU |
| | ) | |
| LINDA COLLINS JENSEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **REPORT AND RECOMMENDATION**

Nicole Austin Davis, proceeding without counsel (*pro se*), initiated this civil action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). The assigned District Judge has referred her petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b). Having reviewed the petition filed by Davis and the applicable law, the undersigned recommends that Davis's § 2241 petition be **DISMISSED** without prejudice prior to service.

"It is clear, not only from the language of [§ 2241], but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). It is axiomatic that the writ of habeas corpus under § 2241 may only be brought by a person "in custody." 28 U.S.C. § 2241(c)(3). Davis does not allege that she is in custody and, based on the allegations of her petition and her address, it appears that she is not in custody.

To the extent that she is attempting to file this petition on behalf of her minor child, she also cannot prevail because "neither 28 U.S.C. § 1654 nor Federal Rule of Civil Procedure 17(c) ... permits a parent to represent his or her child pro se in federal court." *Warner v. Sch. Bd. of Hillsborough Cnty., Fla.,* No. 23-12408, 2024 WL 2053698, at **2-3 (11th Cir. May 8, 2024) (per curiam) (citing *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)); *Dixit v. Fairnot*, No. 23-11436, 2025 WL 1733887 (11th Cir. June 23, 2025) (same); *see also Colley, by and through Colley v. City of Orange Beach, Ala.*, Civ. A. No. 1:25-00346-KD-N, 2025 WL 3143283, at *2 (S.D. Ala. Nov. 10, 2025) (same).

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that Davis's § 2241 petition (Doc. 1) be **DISMISSED without prejudice,** prior to service. **Petitioner Davis is hereby ORDERED to refrain from service of the summons and petition upon the named respondents to this action.**

### <u>Notice of Right to File Objections</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

2

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **8th** day of **April, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

3